IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JUAN M. GALAVIZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:11-cv-1730-IPJ-TMP |
| | ) |
| JOHN T. RATHMAN, and the | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Respondents. | ) |

MEMORANDUM OPINION

On May 25, 2011, the petitioner, Juan M. Galaviz, a prisoner incarcerated in the United States Bureau of Prisons ("BOP"), filed his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, alleging that the BOP had arbitrarily and capriciously denied him eligibility for early release under the provisions of 18 U.S.C. § 362l(e). He alleged that he completed the Residential Drug Abuse Program, which qualified him for consideration of early release, but the BOP was incorrectly and arbitrarily classifying him in a manner that made him ineligible for early release. On August 11, 2011, the respondents filed their response to the petition, asserting that the petition is now moot because petitioner's eligibility for early release was reconsidered and the BOP now considers him qualified for early release. The magistrate judge entered an Order on August 11, 2011, advising petitioner of his right to file a reply or opposition to the response. Although petitioner sought and was granted an extension of time to file a reply, none has been filed.

The court finds that, in accordance with the respondents' answer, the petition for writ of *habeas corpus* is now moot and due to be dismissed without prejudice. Following the filing of this

action, the BOP conducted a review and found petitioner eligible for early release, as he requested.

The respondents stated the following:

> [O]n July 14, 2011, the Designation and Sentence Computation Center ("DSCC") performed a review of Galaviz's current and prior offenses, to determine whether those offenses precludes Galaviz from early release eligibility pursuant to 18 U.S.C. § 3621(e).  See Exh. # 2, Request for § 3621(e) Offense Review.  In that review, the DSCC found that Galaviz's convictions do not preclude him from being eligible for early release under 18 U.S.C. § 3621(e).  Id.  The review performed on July 14, 2011, supersedes the earlier review performed.  Id.  As such, Galaviz is now eligible for early release under 18 U.S.C. § 3621(e).

(Doc. 6, p. 3).  Because the respondents now agree that petitioner is entitled to consideration for early release under § 3621(e), there no longer remains any live case or controversy in this matter.  As respondents correctly state:

> Article III of the Constitution requires that there remain a case or controversy between these parties as a prerequisite for jurisdiction by a United States District Court. See, e.g., Nyaga v. Ashcroft, 323 F.3d 906 (11th Cir. 2003); Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002).  The Eleventh Circuit further stated that "a case must be dismissed as moot if the court can no longer provide 'meaningful relief.'"  See Nyaga v. Ashcroft, 323 F.3d 906, 913 (11th Cir. 2003).  Federal courts may only hear live "cases" and "controversies." Bankshot Billiards, Inc. v. City of Ocala, 634 F.3d 1340, 1351 (11th Cir. 2011) (quoting U.S. Const. Art. III, § 2).

Accordingly, this action is due to be dismissed as moot.  A separate order will be entered.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this the 31st day of October 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE